# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 42391/42392

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 549 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 10, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JEREMY DEAN AMEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order revoking probation and directing execution of previously suspended sentences, <u>affirmed</u>; judgment of conviction and sentence, <u>affirmed</u>; orders denying I.C.R. 35 motions, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Jeremy Dean Amen pled guilty to two counts of lewd conduct with minor under sixteen, Idaho Code § 18-1508 (Docket No. 42391). The district court imposed concurrent unified sentences of twenty years with eight years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court placed Amen on probation for a period of six years. Subsequently Amen admitted to violating his probation by committing a new crime (felony possession of methamphetamine) and the district court revoked his probation and ordered execution of the original sentences without reduction.

1

Amen pled guilty to felony possession of methamphetamine, I.C. § 37-2732(c)(1) (Docket No. 42392). The district court imposed a unified sentence of seven years with two years determinate to be served consecutive to his sentences in Docket No. 42391.

Amen filed Idaho Criminal Rule 35 motions for sentence reduction in both cases, which the district court denied. Amen appeals, contending that the district court abused its discretion by revoking probation in Docket No. 42391, by imposing an excessive sentence in Docket No. 42392, and by denying his I.C.R. 35 motions.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Amen's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Amen's Rule 35 motion is affirmed.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by revoking probation, imposing sentence, or in ordering execution of Amen's sentences without modification. Therefore, the order revoking probation and directing execution of Amen's previously suspended sentences is affirmed; Amen's judgment of conviction and sentence for possession is affirmed; and, the orders denying I.C.R. 35 motions are affirmed.